UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                       :
THOMAS BUTTI,                          :
                    Petitioner,        :
                                       :    04 Civ. 1515 (DLC)
        -v-                            :
                                       :    OPINION AND ORDER
DAVID M. UNGER, Superintendent,        :
Livingston Correctional Facility,      :
                                       :
                    Respondent.        :
                                       :
---------------------------------------X

Appearances:

For Pro Se Petitioner:

Thomas Butti
No. 97-R-6402
Livingston Correctional Facility
P.O. Box 1991
Route 36
Sonyea Road
Sonyea, New York  14556

For Respondent:

John J. Sergi
Office of the District Attorney
Westchester County Courthouse
111 Martin Luther King Jr. Blvd.
White Plains, New York  10601


DENISE COTE, District Judge:

     Pro se petitioner Thomas Butti ("Butti") filed this petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, to

challenge the constitutionality of his October 19, 2001

conviction for crimes related to insurance fraud.  Butti claims

that: (1) preindictment delay denied him due process; (2) his

conviction was based on evidence obtained in violation of his

First Amendment rights; and (3) that the admission of evidence of

a previous insurance fraud conviction violated his due process right to a fair trial. The petition was referred to Magistrate Judge James C. Francis for a Report and Recommendation ("Report"), which was issued November 16, 2004. The Report, to which Butti objects, recommends that the petition be denied. For the following reasons, the Report is adopted and the petition is denied.

## BACKGROUND

The relevant facts are set forth in the Report and summarized here. On January 6, 1998, a senior mail clerk at the Gowanda Correctional Facility, where Butti was incarcerated on 1994 and 1999 insurance fraud convictions, noticed two incomplete insurance forms in the petitioner's incoming mail. Specifically, the forms labeled "Monthly Progress Reports," which were required by Butti's insurer, Paul Revere Insurance, for disability claims, were missing the signature of a physician. During the three month period of temporary mail surveillance that followed, prison officials discovered the same forms bearing the signature of a Dr. Alan Brown ("Dr. Brown") among the petitioner's outgoing mail. No doctor by that name had either treated Butti in his office or signed the insurance forms during the period in question.

Butti was indicted for insurance fraud on May 18, 2000, two years after the district attorney was first informed of the suspicious insurance forms. On September 13, 2000, Westchester

County Supreme Court Judge Peter P. Rosato denied Butti's motions to suppress evidence obtained from opening his mail and to dismiss based on a preindictment delay.

On March 26, 2001, the trial commenced.  At trial, Judge Lester B. Adler allowed the prosecution to introduce evidence of Butti's 1994 plea allocution to show Butti's intent to commit the offense, but the judge also gave limiting instructions to the jury explaining that Butti's past conviction should not be considered to show criminal propensity.  During summations, the judge sustained defense objections to the prosecution's references to Butti's prior conviction and again instructed the jury that such evidence should not be considered for the purpose of showing Butti's criminal propensity.

On October 19, 2001, Butti was convicted of grand larceny in the third degree, insurance fraud in the third degree, aggravated insurance fraud, two counts of criminal possession of a forged instrument, falsifying business records in the first degree, and attempted grand larceny in the third degree.  This was his third conviction related to insurance fraud.

On appeal, the Appellate Division, Second Department, affirmed and held that as a prison inmate, Butti had no reasonable expectation of privacy concerning his mail and that his other contentions, which included claims of pre-indictment delay and the improper admission of evidence of his prior conviction, were either not properly preserved for appeal or lacked merit.  <u>People v. Butti</u>, 761 N.Y.S.2d 529, 530 (2d Dep't

2003).  The New York Court of Appeals denied Butti's application for review.  <u>People v. Butti</u>, 799 N.E.2d 624 (N.Y. 2003).

## DISCUSSION

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1)(C).  The court shall make a <u>de novo</u> determination of the portions of the report to which petitioner objects.  <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997).  "A district court may adopt those portions of the Report to which no objections have been made and which are not facially erroneous."  <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (citation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, requires that a habeas corpus petition adjudicated on the merits in state court must be denied unless the state court's adjudication

> (1) resulted in a decision that was <u>contrary to, or involved an unreasonable application of, clearly established Federal law</u>, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision <u>based on an unreasonable determination of the facts</u> in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (emphasis supplied).  AEDPA further mandates that a state court's determination of a factual issue shall be presumed correct and may be rebutted only by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Butti has objected to the Report's evaluation of three grounds for error presented in his habeas petition. Butti objects to the Report's rejection of his claims that pre-indictment delay violated his due process rights, that the collection of evidence from his prison mail violated his First Amendment rights, and that the admission at trial of his previous conviction violated his due process rights.

Pre-Indictment Delay

Pre-indictment delay is a ground for dismissal only if it caused substantial prejudice to the petitioner's rights to a fair trial and was an intentional device by the prosecution to gain a tactical advantage. See United States v. Cornielle, 171 F.3d 748, 752 (2d Cir. 1999). The defendant bears the "heavy burden" of proving both substantial, actual prejudice and improper government purpose. Id. (citation omitted).

The Report concludes that Butti has shown neither substantial prejudice nor improper government purpose. Butti objects that the Report erred when it failed to find substantial prejudice in the loss of evidence and witness testimony resulting from the delay. Specifically, Butti points to the testimony of prosecution witness Donna Dickerson ("Dickerson") and the loss of certain of his medical records. Dickerson was responsible for Butti's mail during his incarceration and mailed the fraudulent insurance forms to Paul Revere Insurance Company. At trial, Dickerson could not remember the details of those mailings.

Butti offers no reason why a more detailed recollection from Dickerson would be either exculpatory or helpful to his case. Butti argues that the lost medical records detailing his care during the fall of 1997 would have established a history of his disability and treatment. Butti does not suggest, however, that any of these records would have shown that he was treated by Dr. Brown during the relevant period or that Dr. Brown signed Butti's insurance claim forms. The records could not, therefore, have disproved that Butti made fraudulent misrepresentations to his insurance company about Dr. Brown's involvement in his treatment. Consequently, the Report properly concludes that Butti did not suffer substantial prejudice as a result of any preindictment delay. Because "[p]rejudice in this context has meant that sort of deprivation that impairs a defendant's right to a fair trial," id. at 752, Butti's related objection that the preindictment delay caused him prejudice because he became ineligible for a work release program is also misplaced.

Butti also objects that the Report does not adequately consider the allegations made by his own attorney as evidence of the prosecution's improper purpose in delaying his indictment, and speculates that the preindictment delay was designed to increase the prosecution's plea bargaining position. Unsubstantiated allegations, whether by the petitioner or his counsel, do not constitute proof of improper government purpose. The Report therefore properly concludes that Butti failed to satisfy both requirements of a pre-indictment delay due process

claim.

<u>Failure to Suppress Evidence</u>

In his original petition Butti raised two constitutional challenges to the admission of evidence resulting from the surveillance of his prison mail.  Butti does not object to the Report's rejection of his Fourth Amendment claim under <u>Stone v. Powell</u>, 428 U.S. 465 (1976), which precludes such a claim absent the failure by the state court to provide "an opportunity for full and fair litigation of a Fourth Amendment claim."  <u>Id.</u> at 494.  This portion of the Report is not facially erroneous and is adopted.

Butti does object, however, to the Report's dismissal of his First Amendment argument as novel and therefore not reviewable. Butti contends that two Supreme Court cases, <u>Thornburgh v. Abbott</u>, 490 U.S. 401 (1989), and <u>Turner v. Safley</u>, 482 U.S. 78 (1987), support his claim that evidence in his prison mail should have been suppressed, because surveillance of his prison mail violated his First Amendment rights.  Those cases stand for the proposition that "prison restrictions that implicate prisoners' constitutional rights may be upheld if they are 'reasonably related to legitimate penological interests.'"  <u>Dumatef v. Hollins</u>, 297 F.3d 108, 112 (2d Cir. 2002) (quoting <u>Turner</u>, 482 U.S. at 89).  As a consequence, "the interception of a defendant's prison correspondence does not violate that individual's First or Fourth Amendment rights if prison officials

had 'good' or 'reasonable' cause to inspect the mail." United States v. Felipe, 148 F.3d 101, 108 (2d Cir. 1998). It is well-settled that "the investigation and prevention of illegal activity among inmates is a legitimate penological interest, which has a logical connection to the decision to impose a mail watch on a prisoner." Id.

The temporary surveillance of Butti's mail was based on a reasonable suspicion of his continuing criminal activity, and was reasonably related to legitimate penological interests. Therefore, the admission of evidence obtained through a prison mail watch did not violate Butti's First Amendment rights.


Improper Admission of Evidence of Previous Conviction

Butti claims that the admission at trial of his 1994 plea allocution to insurance fraud violated his right under the Due Process Clause to a fair trial. "Erroneous evidentiary rulings do not automatically rise to the level of constitutional error sufficient to warrant issuance of a writ of habeas corpus. Rather, the writ would issue only where petitioner can show that the error deprived [him] of a fundamentally fair trial." Taylor v. Curry, 708 F.2d 886, 891 (2d Cir. 1983) (emphasis in original). In rejecting this claim, the Report relied on Estelle v. McGuire, 502 U.S. 62 (1990), where the Court found that a defendant's due process rights were not violated by the admission of evidence that was relevant to establishing an element of the crime charged, in that instance intent. Id. at 70.

Butti objects that the Report erred in analogizing his case to the facts of <u>Estelle</u>, because the six to seven week time lapse between the evidence of prior acts and the criminal conduct charged in <u>Estelle</u> was significantly shorter than the six years between Butti's first conviction in 1994 and his indictment in 2000. The difference in elapsed time between the prior criminal act and charged conduct in the two cases is not a dispositive factor in judging the validity of the Report's reasoning. What is dispositive is the fact that Butti has not shown that he was deprived of a fair trial. Although Butti contends that his 1994 plea allocution was not relevant to his intent to commit insurance fraud again, evidence of his prior insurance fraud went directly to Butti's <u>mens rea</u> and helped rule out the possibility of mistake or accident. Butti's argument that the prior act evidence was prejudicial in light of the jury's request to hear the 1994 plea allocution during deliberations is obviated by the limiting instructions given during the trial.[1] The Report therefore properly concludes that the admission of Butti's prior conviction did not violate his due process rights.

## CONCLUSION

The Report is adopted and the petition for a writ of habeas corpus is denied. In addition, I decline to issue a certificate

---

[1] For this reason Butti's objection that the evidence of his prior plea allocution and conviction constituted improper character evidence is similarly inapposite.

of appealability. The petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. <u>Tankleff v. Senkowski</u>, 135 F.3d 235, 241 (2d Cir. 1998). I also find pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The Clerk of the Court shall dismiss this petition.

     SO ORDERED:

Dated:    New York, New York
          July 15, 2005

                                        DENISE COTE
                        United States District Judge